IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deborah V. Hubbard, #80267, ) <br> *a/k/a* Deborah Videtto Hubbard *a/k/a* ) <br> Deborah Hubbard-Sarvis, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> William Byars, Jr., Judy Anderson, ) <br> T. Tyler, D. Foulk and Sadi Rafi, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 8:14-33-BHH <br><br> **ORDER AND OPINION** |

The plaintiff Deborah V. Hubbard ("the plaintiff"), an inmate in the custody of the South Carolina Department of Corrections housed at Camille Griffin Graham Correctional nstitution, proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 against the defendants William Byars, Jr., Judy Anderson, T. Tyler, D. Foulk and Sadi Rafi ("the defendants") alleging violations of her constitutional rights. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling and a Report and Recommendation. The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

The plaintiff filed this action against the defendants alleging *inter alia* deliberate indifference to medical needs and failure to protect. On November 7, 2014, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant the defendants' motion for summary judgment (ECF No. 25) and deny the plaintiff's motion for temporary restraining order (ECF No. 40). (ECF No. 87 at 26.) On January 15, 2015, the

plaintiff filed "Plaintiff's Response to Report and Recommendation of Magistrate Judge" which were docketed as objections to the Report and Recommendation. (ECF No. 103.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S. Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge's 26-page Report and Recommendation thoroughly addresses the plaintiff's arguments and demonstrates that summary judgment is warranted on numerous grounds. The plaintiff's objection fails to direct the Court to any flaw in the Magistrate Judge's Report and Recommendation. Rather, her primary complaint appears to be that the defendants failed to serve and/or that she failed to receive a Roseboro

Order. The docket clearly indicates that Magistrate Judge Austin issued a Roseboro Order on April 21, 2014 (ECF No. 26) and that the clerk placed the order in the U.S. Mail and sent it to the plaintiff the same day (ECF No. 27). The plaintiff was clearly aware of her right to file a response in opposition to the defendants' motion for summary judgment because she filed a motion for a 90 day extension of time to respond to the motion for summary judgment (ECF No. 37), and the motion was granted (ECF No. 38). Thereafter, the plaintiff filed a 21-page "motion to strike the defendants' entire motion for summary judgment" complete with 81 pages of exhibits (ECF No. 41). On August 21, 2014, the day after her response to the motion for summary judgment was due, the plaintiff filed a second request for an extension of time to respond to the motion (ECF No. 64). Magistrate Judge Austin granted the motion, extending the deadline to September 30, 2014, but warning the plaintiff that no further extensions would be granted absent extraordinary circumstances. On October 1, 2014, the plaintiff filed an extensive response (ECF No. 81), which the Magistrate Judge appears to have considered in her thorough Report and Recommendation.

Even if the plaintiff somehow failed to receive the Roseboro Order, she has not explained how her case was prejudiced in any way as she clearly understood the importance of filing an adequate response. Accordingly, the Court overrules the plaintiff's objection and adopts the Report and Recommendation. *See Robinson v. Wilson*, No. 8:11-CV-02285-RBH, 2012 WL 3264874, at *3 (D.S.C. Aug. 9, 2012) aff'd, 500 F. App'x 231 (4th Cir. 2012) ("In the case at bar, the plaintiff did in fact file lengthy responses and an affidavit in opposition to the motion for summary judgment. There is no question that he understood the necessity of filing responses and counter-affidavits.").

## **CONCLUSION**

For the reasons stated above, the Court finds that the plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate her claims. After a thorough review of the Report and Recommendation and the record in this case, the Court agrees with the Magistrate Judge. Accordingly, the Report and Recommendation is adopted and incorporated herein by reference.

The defendants' motion for summary judgment (ECF No. 25) is GRANTED, the plaintiff's motion for temporary restraining order (ECF No. 40) is DENIED, and this case is dismissed. All other pending motions are denied as moot.

IT IS SO ORDERED.

s/Bruce Howe Hendricks
United States District Judge

January 26, 2015
Greenville, South Carolina